In re HILLCREST FOODS, INC., Pure 1, Inc., WJM Co., Mendelson's Farms, Inc., Broadway Poultry, Inc., Debtors.

ARGUS MANAGEMENT CORPORATION, Trustee, Plaintiff,

v.

NEW ENGLAND MUTUAL LIFE INSURANCE CO., Defendant.

Bankruptcy Nos. 281–00098 to 281–00101 and 281–00220. Adv. No. 283–0155.

United States Bankruptcy Court, D. Maine.

July 25, 1983.

---

Roderick R. Rovzar, Norman & Hanson, Portland, Maine, for plaintiff.

Robert J. Keach, Portland, Maine, for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

New England Mutual Life Insurance Company moves to dismiss the complaint for avoidance of a postpetition transaction filed by the trustee, Argus Management Corporation. New England Mutual argues that the complaint fails to state a claim because the property allegedly transferred to it was held in trust and, thus, was not property of the debtor, Hillcrest Foods, Inc. The court concludes that the complaint states a claim.

For the purposes of a motion to dismiss a complaint for failure to state a claim, the factual allegations in the complaint are taken as admitted. 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.08 (2d ed. 1983). The complaint alleges that New England Mutual was the manager of the assets of the Hillcrest Foods Pension Plan and Trust. Under the terms of the pension plan, contributions, which plan participants (employees) were required to make, were deducted by Hillcrest from the participants' earnings. Prior to filing its petition on March 2, 1981, Hillcrest deducted $13,411.68 in plan participant contributions. After its filing and without court authorization, Hillcrest transferred this amount from its general account to the pension plan trust. The

trust later transferred the funds to New England Mutual. The trustee contends that the transfers violated sections 362 and 549 of the Bankruptcy Code. 11 U.S.C.A. §§ 362, 549 (1979).[1]

Section 549(a)(2) provides: "[T]he trustee may avoid a transfer of property of the estate . . . that is not authorized under this title or by the court." Under section 541(a)(1), property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1) (1979). New England Mutual argues that the debtor held the contributions in trust for the plan participants. It asserts that because the contributions were held in trust they were not property of the debtor under section 541 and, therefore, not property of the estate for the purposes of section 549.

The law under the Bankruptcy Act regarding property held in trust by the debtor was well established and remains valid under the Code. *Doran v. Treiling (In re Treiling)*, 21 B.R. 940, 943 (Bkrtcy.E.D.N.Y.1982). When property is held in trust by the debtor, the estate's interest is subject to the interests of the trust beneficiaries. *In re Morales Travel Agency*, 667 F.2d 1069, 1071 (1st Cir.1981); *In re Treiling*, 21 B.R. at 943. The burden is on the beneficiaries, however, to prove that the trust exists and to identify the property held in trust. *In re Morales Travel Agency*, 667 F.2d at 1071; *Toys "R" Us, Inc. v. Esgro, Inc. (In re Esgro, Inc.)*, 645 F.2d 794, 797 (9th Cir. 1981); *In re Treiling*, 21 B.R. at 943.

Taking the allegations of the complaint as true, at the time of filing, the deducted participant contributions were deposited in the "general funds" of the debtor. Subsequently, money was transferred out of the general funds through the pension plan trust to New England Mutual. Although New England Mutual may be able to prove at trial that a trust existed and to identify specific property in the debtor's hands at filing which belonged to the trust beneficiaries, those issues are not

---

1. The court will consider only the section 549      issue at this time.

properly raised by a motion to dismiss for failure to state a claim. The plaintiff's complaint states a claim because the contributions appear to be property of the estate for the purposes of sections 541 and 549. Therefore, the motion to dismiss must be denied.

An appropriate order will be entered.